# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: January 23, 2023

| | | |
|---|---|---|
| MINH LE, Petitioner, | | UNPUBLISHED |
| | | No. 16-1078V |
| v. | | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | | Interim Attorneys' Fees and Costs. |

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 29, 2016, Minh Le ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on May 20, 2014, Petitioner suffered transverse myelitis ("TM"). Petition at Preamble (ECF No. 1).

On August 18, 2022, Petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Interim Application for Attorneys' Fees and Costs ("Pet. Mot."), filed Aug. 18, 2022 (ECF No. 124). Petitioner's request can be summarized as follows:

**Fees** – $117, 264.60
**Costs** – $88,433.92

Petitioner thus requests a total of $205,698.52. Respondent filed a response on August 31, 2022, stating that "[R]espondent defers to the Special Master to determine whether [P]etitioner has met the legal standard for an interim fees and costs award" and "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 31, 2022, at 2 (ECF No. 125).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $192,388.92 in attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant fees to be paid.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Maximillian J. Muller – Attorney**
2016: $275.00
2017: $300.00
2018: $317.00
2019: $325.00
2020: $350.00
2021: $375.00
2022: $400.00

**Shealene Mancuso – Attorney**
2018: $233.00
2019: $250.00
2020: $275.00

**Laura Levenberg – Attorney**
2021: $350.00
2022: $375.00

**Paralegals**
2016-2018: $125.00
2019: $125.00-$140.00

2020: $125.00-$150.00
2021: $125.00-$160.00
2022: $125.00-$165.00

The undersigned finds that most of the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Hutchens v. Sec'y of Health & Hum. Servs., No. 17-797V, 2022 WL 17849962, at *2 (Fed. Cl. Spec. Mstr. Dec. 22, 2022) (awarding Mr. Muller's rates for 2016-2017 and 2021-2022 and Ms. Mancuso's rates for 2018-2020); Goodwin v. Sec'y of Health & Hum. Servs., No. 16-1676V, 2022 WL 6616738, at *4 (Fed. Cl. Spec. Mstr. Sept. 13, 2022) (awarding the rates from 2016-2022 for Mr. Muller and the paralegals, and awarding the rate of $250.00 for 2022 for Ms. Levenberg); Pusich-Silas v. Sec'y of Health & Hum. Servs., No. 20-1184V, 2022 WL 17961101, at *2 (Fed. Cl. Spec. Mstr. Dec. 27, 2022) (awarding the rate of $275.00 per hour for Ms. Levenberg for 2021 and 2022 based on previous awards); Gauer v. Sec'y of Health & Hum. Servs., No. 20-1738V, 2022 WL 17968930, at *2 (Fed. Cl. Spec. Mstr. Dec. 7, 2022) (same). The undersigned will therefore award the rates requested for Mr. Muller, Ms. Mancuso, and the paralegals.

However, Ms. Levenberg has previously been awarded a rate of $275.00 per hour for 2021 and 2022. See, e.g., Pusich-Silas, 2022 WL 17961101, at *2; Gauer, 2022 WL 17968930, at *2; Winkle v. Sec'y of Health & Hum. Servs., No. 20-0485V, 2022 WL 2398805, at *1 (Fed. Cl. Spec. Mstr. May 31, 2022); Mayo v. Sec'y of Health & Hum. Servs., No. 20-1112V, 2022 WL 4483962, at *2 (Fed. Cl. Spec. Mstr. Aug. 26, 2022); Williams v. Sec'y of Health & Hum. Servs., No. 20-519V, 2022 WL 4474287, at *2 (Fed. Cl. Spec. Mstr. Aug. 26, 2022). The undersigned finds no reason to deviate from the previously awarded rate. Petitioner has made no showing as to why Ms. Levenberg should be awarded a different rate in this case. Thus, the undersigned will reduce Ms. Levenberg's rates for 2021 and 2022 to $275.00 per hour to remain consistent with what has previously been awarded. This results in a reduction of $6,287.50.[3]

The undersigned has reviewed the submitted billing entries and finds a small reduction necessary due to various billing entries for administrative tasks, including preparing and filing exhibits and "compile and organize hearing folder."[4] Additionally, the undersigned finds various times where both an attorney and a paralegal billed for reviewing the same court filing resulting

---

[3] (($350.00 - $275.00) x 8.9 hours) + (($375.00 - $275.00) x 56.2 hours) = $6,287.50.

[4] For examples, see entries dated August 29, 2016, September 7, 2016, December 1, 2016, January 10, 2017, February 24, 2017, April 12, 2017, May 23, 2017, June 15, 2017, July 20, 2017, August 2, 2017, August 7, 2017, August 14, 2017, August 15, 2017, September 1, 2017, September 29, 2017, May 22, 2018, June 21, 2018, January 11, 2019, February 5, 2019, April 8, 2019, May 29, 2019, July 10, 2019, August 30, 2019, November 7, 2019, November 13, 2019, June 22, 2020, July 23, 2020, August 3, 2020, September 2, 2020, November 27, 2020, December 4, 2020, June 14, 2021, June 21, 2021, July 16, 2021, July 22, 2021, January 18, 2022, February 2, 2022, February 14, 2022, March 2, 2022, March 7, 2022, March 8, 2022, April 15, 2022, May 16, 2022, and July 15, 2022. This list is not exhaustive.

in duplicative billing.[5] These are not new issues to the Muller Brazil firm. See, e.g., Goodwin, 2022 WL 6616738, at *5; Crawford v. Sec'y of Health & Hum. Servs., No. 17-398V, 2022 WL 17849062, at *2 (Fed. Cl. Spec. Mstr. Dec. 22, 2022); Pavlicek v. Sec'y of Health & Hum. Servs., No. 19-1573V, 2022 WL 4115663, at *2 (Fed. Cl. Spec. Mstr. Aug. 12, 2022). The undersigned finds a 3% reduction in fees reasonable, resulting in a reduction of $3,329.31.[6]

**B. Attorneys' Costs**

Petitioner requests $88,433.92, including $87,120.66 in expenses incurred by Muller Brazil and $1,313.26 in expenses incurred by Baratta & Russell, to cover miscellaneous costs, including obtaining medical records, Fed Ex costs, the filing fee, and for work performed by neurologist Dr. John Conomy, neurologist Dr. Maria Chen, immunologist Dr. M. Eric Gershwin, and neurologist Dr. Lawrence Steinman. Pet. Mot., Exs. B-C. The undersigned finds most of the expenses related to obtaining medical records and the filing fee to be reasonable and well-documented.

However, no documentation was submitted for the following charges: $276.00 for "Clerk, U.S. Court of Federal Claims;" $150.00 for "Einstein Practice Plan Inc. Dr. Chay;" and $16.79 for "Fedex." Pet. Mot., Ex. C. Therefore, the undersigned will subtract these amounts from the award, resulting in a reduction of $442.79.[7]

Petitioner requests $40,500.00 for work performed by Dr. M. Eric Gershwin at a rate of $500.00. Pet. Mot., Ex. B at 44-51. This rate has previously been found reasonable. See Rogan ex rel. T.R. v. Sec'y of Health & Hum. Servs., No. 17-1916V, 2020 WL 5814285, *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2020); Jaafar ex rel. A.M. v. Sec'y of Health & Hum. Servs., No. 15-267V, 2019 WL 2265329, *4 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); Gambrill v. Sec'y of Health & Hum. Servs., No. 17-105V, 2018 WL 6787629, *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). Additionally, Respondent did not object to this rate. See Resp. Response at 1-3. Although the total amount billed is more than what is typically seen billed, and more than what the undersigned has seen in her experience, this is a very complex case with Dr. Gershwin's services spanning around six years. Given this case's complexity, the undersigned finds this cost reasonable and will award this cost in full.

Petitioner requests $9,500.00 for work completed by expert Dr. John Conomy. Pet. Mot., Ex. B. From his invoice, it appears Dr. Conomy billed 13 hours at a rate of $750.00 per hour for

---

[5] For example, see entries dated February 22, 2019, April 9, 2019, May 29-30, 2019, November 14, 2019, January 14, 2020, February 5, 2020, May 8, 2020, June 23, 2020, July 24, 2020, August 4, 2020, September 9, 2020, March 10-11, 2021, May 20, 2021, September 20-21, 2021, November 2, 2021, February 2-3, 2022, February 17-18, 2022, March 1-2, 2022, March 17, 2022, April 15, 2022, May 16-17, 2022, and June 13-14, 2022. This list is not exhaustive.

[6] $117,264.60 - $6,287.50 = $110,977.10 x 3% = $3,329.31.

[7] Petitioner may request these costs in his final fees motion with supporting documentation.

time spent reviewing medical records, correspondence, and preparing one expert report. Id. at 33-34. Dr. Conomy's rate in the Vaccine Program has not been determined. The undersigned finds this rate excessive and finds a rate of $500.00 appropriate and reasonable given Dr. Conomy's M.D. and J.D. degrees, board certification in neurology, years spent teaching neurology at Case Western Reserve University and working as a neurologist at multiple hospitals, and over 150 publications. Pet. Ex. 9. This results in a reduction of $3,250.00.[8]

Dr. Steinman billed 54.5 hours at a rate of $550.00 per hour for a total of $29,975.00 for time spent reviewing medical records, correspondence, and preparing and appearing at trial. Pet. Mot., Ex. B at 52-53. In the past, Dr. Steinman has been awarded a rate of $500.00 and $550.00. See, e.g., Kelleher v. Sec'y of Health & Hum. Servs., No. 16-1307V, 2022 WL 17968778, *2 (Fed. Cl. Spec. Mstr. Dec. 7, 2022) (awarding a rate of $500.00); Davis v. Sec'y of Health & Hum. Servs., No. 14-978V, 2022 WL 17819161, *4 (Fed. Cl. Spec. Mstr. Oct. 12, 2022) (awarding a rate of $500.00); Abbott ex rel. R.A. v. Sec'y of Health & Hum. Servs., No. 14-907V, 2022 WL 3134242, *3 (Fed. Cl. Spec. Mstr. July 15, 2022) (awarding a rate of $550.00); E.S. v. Sec'y of Health & Hum. Servs., No. 17-480V, 2021 WL 5816006, *4 (Fed. Cl. Spec. Mstr. Nov. 10, 2021) (awarding a rate of $550.00). Recently, Dr. Steinman has been awarded a rate of $550.00 given his expertise and experience in the Vaccine Program. See, e.g., E.S., 2021 WL 5816006, *4; Mason v. Sec'y of Health & Hum. Servs., No. 17-1383V, 2022 WL 4693380, *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). The undersigned finds the requested rate of $550.00 to be reasonable and will award this cost in full.

Lastly, Petitioner requests $5,000.00 for work performed by Dr. Maria Chen. Pet. Mot., Ex. B at 36-38. Dr. Chen's invoices do not detail how much time she spent working on this case, or her rate. See id. Dr. Chen provided two expert reports. Pet. Ex. 19, 23. The undersigned finds $5,000.00 to be reasonable; however, counsel and Dr. Chen are cautioned against filing invoices lacking detail and hourly rate in the future.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorneys as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 117, 264.60 |
| Reduction of Attorneys' Fees: | - ($ 9,616.81) |
| Awarded Attorneys' Fees: | $ 107,647.79 |
| | |
| Requested Attorneys' Costs: | $ 88,433.92 |
| Reduction of Attorneys' Fees: | - ($ 3,692.79) |
| Awarded Attorneys' Costs: | $ 84,741.13 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 192,388.92** |

**Accordingly, the undersigned awards:**

[8] 13 x ($750.00-$500.00) = $3,250.00.

**A lump sum in the amount of $192,388.92, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Muller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.