# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 30, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MINH LE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1078V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Tetanus- |
| AND HUMAN SERVICES, | * | Diphtheria-Acellular Pertussis ("Tdap") |
| | * | Vaccine; Transverse Myelitis ("TM"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On August 29, 2016, Minh Le ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he developed transverse myelitis ("TM") as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered on May 20, 2014. Petition at 1 (ECF No. 1). On March 30, 2023, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Mar. 30, 2023 (ECF No. 133).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On May 30, 2023, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 1-2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $130,000.00, representing compensation for pain and suffering in the form of a check payable to Petitioner.**

Proffer at 2. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id. at 1.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MINH LE, | ) | |
| | ) | |
| Petitioner, | ) | No. 16-1078V |
| | ) | Special Master Dorsey |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 29, 2016, Minh Le ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. On March 30, 2023, the Court issued its Ruling on Entitlement, finding that petitioner suffered transverse myelitis as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on May 20, 2014.[1] *See* Ruling on Entitlement (ECF No. 133).

**I.   Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded $130,000.00 for pain and suffering. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 30, 2023 entitlement decision.

1

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$130,000.00**, in the form of a check made payable to petitioner.[2] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ Alec Saxe
ALEC SAXE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 353-7722
alec.saxe@usdoj.gov

Dated: May 30, 2023

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2